## Commonwealth v. Burke

*Iva C. Dougherty, assistant district attorney,* for the Commonwealth.
*Charles Younger,* for the defendant.

LUDGATE, *J.,* October 30, 1992—

## OPINION IN DISPOSITION OF DEFENDANT'S MOTION TO DISMISS

### Statement of the Case

On February 18, 1992, Patrolman Timothy Dougherty charged defendant, Andrew Burke, with simple assault and harassment, case number 1853-92, along with indirect criminal contempt, case number 475-92, for violating a protection from abuse order, dated January 3, 1992.

On February 20, 1992, the Honorable Elizabeth Ehrlich held a hearing on the contempt charge. The court found beyond a reasonable doubt that the defendant did violate the terms of the protection order and imposed a sentence of six-months probation.

On September 24, 1992, defendant filed a motion to dismiss to case number 1853-92, for violation of the double jeopardy clause under the U.S. Constitution. This opinion is written as a result of that motion.

## ISSUE

Whether or not the same evidence underlying a conviction for indirect criminal contempt can be used to support a subsequent prosecution for simple assault, without violating the protection against double jeopardy provided by the U.S. Constitution?

## Discussion

The Protection from Abuse Act (23 Pa.C.S. §6101 et seq.) sets forth the procedure for obtaining a protective order and the remedies available, if said court order is violated. The remedy for such a violation is that the court may hold the defendant in indirect criminal contempt and the significant sections set forth at section 6114 and section 6113(f).

"Sentence for contempt ... may include imprisonment up to six months or a fine, not to exceed $1,000 or both, and may include other relief set forth in this chapter." 23 Pa.C.S. §6114.

"The Act also provides that charges of indirect criminal contempt and a hearing thereon, do not preclude hearings on other criminal charges underlying the contempt and vice versa." 23 Pa.C.S. §6113(f).

The proceedings under the Act shall be in addition to any other available civil or criminal remedies.

In *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), the Supreme Court of Pennsylvania held that prosecution on the substantive criminal charge, after a finding of contempt in violating the injunction against abuse, does not violate double jeopardy. The court found

that, under the *Blockburger* test, indirect criminal contempt and simple assault contain "separate elements" and vindicate different interests. The contempt could arise by any number of actions which willfully violated the court order, many of which would not have involved assault and the interest served by the contempt order is the protection of the court's dignity and enforcement of its order, not punishment for criminal assault. *Allen, supra* at 514, 486 A.2d at 370.

Since the court's decision in *Allen,* the U.S. Supreme Court decided *Grady v. Corbin,* 109 L.Ed.2d 548 (1990). The court held:

"[A] subsequent prosecution must do more than merely survive the *Blockburger* test ... the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an 'actual evidence' or 'same evidence' test. The critical inquiry is *what conduct the state will prove,* not the evidence the state will use to prove that conduct." *Id.* at 564. (emphasis added)

In *Commonwealth v. Warrick,* 415 Pa. Super. 385, 609 A.2d 576 (1992), the Superior Court held that double jeopardy did not bar defendant's prosecution for escape, due to a summary criminal contempt conviction arising out of the same incident. In reaching this decision, the court reviewed the decision in *Allen* and the impact of *Grady* upon that decision. The court stated:

"[W]e find nothing in *Grady v. Corbin,* which negates the careful balancing of society's needs versus the con-

stitutional rights of a defendant which was articulated by the Supreme Court of Pennsylvania in the rationale underlying *Allen*. Furthermore, *Grady* explicitly recognizes that an exception to its double jeopardy analysis may exist where the government is unable to proceed on the more serious of two charges for various administrative or procedural reasons.... The necessity of providing a court with the immediate means to protect its dignity and its ability to properly conduct judicial proceedings must be deemed at least as important as the administrative and procedural concerns recognized by *Grady.*" *Warrick, supra* at 389, 609 A.2d at 578. (citations omitted)

The court also noted that the U.S. Supreme Court severely limited the scope of *Grady* by its ruling in *United States v. Felix,* 118 L.Ed.2d 25 (1992). The *Felix* court set forth that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation. *Felix, supra* at 35. The introduction of relevant evidence of particular misconduct in a case, is not the same thing as prosecution for that conduct. *Id.* at 34.

The *Warrick* court stated that *Felix* holds that the criterion in double jeopardy considerations is *not* conduct but rather the criterion lies in the difference existing in the elements of the offenses arising out of the same incident. The court went on to say:

"Therefore, where the fact necessary in the proof of one offense is different from the fact necessary in the proof of another offense arising out of the same incident, double jeopardy does not apply. This is in consonance with the provision in the Double Jeopardy Clause of the

Fifth Amendment to the U.S. Constitution which provides, *'Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.'* In light of *Felix,* we conclude that there is no justifiable basis under *Grady* upon which we can distinguish *Commonwealth v. Allen, supra."* *Warrick, supra* at 392, 609 A.2d at 579-80.

In the case sub judice, the conduct the state proved on February 20, 1992, was that defendant violated a protection order issued by the court. That violation is what the court found from the testimony at the hearing on indirect criminal contempt. Therefore, the offense and conduct for which the defendant was prosecuted was the willful violation of a court order.

The Fifth Amendment, *Grady* and *Felix* all state that double jeopardy bars prosecution twice for the *same offense.* *Grady* and *Felix* both reject adopting a same evidence test.

The pending criminal charges against defendant are simple assault and harassment. These charges are the offenses the Commonwealth is now prosecuting, *not* a violation of a court order. The conduct the Commonwealth seeks to prosecute is the assault, not the *contempt,* which was the only conduct prosecuted previously. Under *Grady* and *Felix,* the mere overlap in the proof between the two prosecutions does not establish a double jeopardy violation.

Therefore, the defendant's request for dismissal is hereby denied.

## ORDER

And now, October 30, 1992, it is hereby ordered and decreed that the defendant's motion to dismiss on double jeopardy grounds is hereby denied.