J-S76041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND D. MCINTYRE | : | |
| | : | |
| Appellant | : | No. 961 WDA 2018 |

Appeal from the Judgment of Sentence Entered June 8, 2018
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000193-2015

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 24, 2018**

Raymond D. McIntyre (Appellant) appeals from the judgment of sentence imposed after he was re-sentenced following the revocation of his probation and parole.  Appellant's counsel, Erich R. Spessard, Esquire (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On July 29, 2015, Appellant pled guilty to one count each of fleeing or attempting to elude police officer (count one) and possession of drug paraphernalia (count five).[1]  On August 26, 2015, the trial court sentenced Appellant to 9 to 18 months of incarceration at count one, and a consecutive

---

[1] 75 Pa.C.S.A. § 3733(a) and 35 P.S. § 780-113(a)(32).

year of probation at count five. Appellant's incarceration at count one had a maximum sentence date of November 11, 2018.

On August 15, 2016, Appellant was paroled from his sentence at count one. While still on parole, Appellant was charged with new crimes on March 31, 2018,[2] and violations of his supervision that were alleged to have occurred on April 2, 2018. Based upon the new crimes and Appellant's actions on April 2, 2018, the Clarion County Adult Probation Unit filed a violation notice on May 31, 2018, in which it alleged that Appellant violated the terms of his probation at count five. The trial court convened a *Gagnon II*[3] hearing on June 8, 2018. Appellant submitted as evidence the Pennsylvania Board of Probation and Parole's order to recommit, which revoked Appellant's parole at count one.[4] N.T., 6/8/18, at Exhibit A. At the conclusion of the hearing, the trial court found Appellant to be in violation of the terms of his probation at count five and re-sentenced him to 6 to 12 months of incarceration.

Appellant filed a post-sentence motion on June 22, 2018, which the trial court denied as both untimely and meritless. This timely appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of

---

[2] Appellant was sentenced for the new crimes on May 23, 2018.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] The exact date of the order to recommit is not clear, although it has a "last modified date and time" of "4/24/18 9:35:53 A.M." N.T., 6/8/18, at Exhibit A.

Appellate Procedure 1925. On September 17, 2018, Counsel filed an **Anders** brief and petitioned this Court for leave to withdraw from representation.

At the outset, we note that there are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders,** this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to precisely what an **Anders** brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports

- 3 -

the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with an *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Upon review, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Motion to Withdraw as Counsel, 9/17/18, at ¶ 2. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 5-6. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at 8-12. Finally, Counsel has attached to his *Anders* brief the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to

proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Counsel's **Anders** brief advances Appellant's arguments challenging the legality of his sentence. We recognize:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Hodges**, 193 A.3d 428, 433 (Pa. Super. 2018) (citations omitted).

In Counsel's **Anders** brief, he avers that Appellant's two illegal sentence claims are intertwined. **Anders** Brief at 8. Specifically, Appellant alleges that his probation was illegally revoked because he had not yet begun serving that portion of his sentence. **Id.** at 8-9. Additionally, Appellant contends that because the Pennsylvania Board of Probation and Parole revoked his parole at count one of the same docket number, double jeopardy makes the trial court's subsequent revocation of his probation at count five an illegal sentence. **Id.** We agree with Counsel that both issues are frivolous.

Section 9771 of the Sentencing Code provides:

> **(b) Revocation.**--The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

**(d) Hearing required.**--There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771.

We have specifically held, "[t]he fact that appellant ha[s] not commenced serving probation when the new offense occurred d[oes] not prevent the court from revoking its prior order placing appellant on probation."

*Commonwealth v. Dickens*, 475 A.2d 141, 144 (Pa. Super. 1984). Further:

> If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, of the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States*, 53 S. Ct. 154, 156 (1932).

*Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980) (some citations omitted) (emphasis in original).

Pursuant to Section 9771, upon receiving notice of a possible probation violation, the trial court held a hearing on June 8, 2018. Because the trial court found that Appellant was convicted of another crime, it was permitted to re-sentence him to a period of incarceration. The fact that Appellant had not yet started serving the probationary sentence at count five did not prevent the trial court from re-sentencing him for a violation. As such, the trial court's re-sentencing of Appellant at count five was legal.

As to Appellant's second claim based on the Double Jeopardy Clause, we note that "[a]n appeal grounded in double jeopardy raises a question of constitutional law. This Court's scope of review in making a determination on a question of law is, as always, plenary." *Commonwealth v. Farrow*, 168 A.3d 207, 214 (Pa. Super. 2017) (citation omitted). In Pennsylvania, "double jeopardy shields defendants from multiple punishments for the **same offense**." *Id.* at 215 (emphasis added). Additionally:

> The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *Commonwealth v. Decker*, 664 A.2d 1028, 1029 (Pa. Super. 1995) (citing U.S. Const. amend. V.). Furthermore, the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. *Id.*

*Farrow*, 168 A.3d at 214-15 (some citations omitted).

- 7 -

Appellant avers that because he received probation revocation and parole revocation at the same docket number, he was illegally sentenced. Appellant misapplies the Double Jeopardy Clause because count one, fleeing or eluding a police officer, and count five, possession of drug paraphernalia, are two distinct offenses and convictions, for which Appellant received two discrete sentences.[5]

Appellant was sentenced to a term of 9 to 18 months of incarceration at count one, a separate offense from his conviction and probationary sentence at count five. Appellant was not "prosecuted for the same offense," and, thus, double jeopardy is inapplicable. Counsel is correct that this Court has held that a trial court could legally revoke a probationary sentence and a defendant's parole where the sentences were for two distinct offenses at the same docket number. *Anders* Brief at 9-10; *see Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa. Super. 1999) ("Based on the foregoing, it is clear that the court in the instant matter had the proper authority to revoke not only appellant's parole, but also to revoke appellant's probation."). From the record, it is clear that Appellant's parole was revoked at count one, a separate offense from his probation, which was revoked at count 5. Therefore, Appellant's illegal sentence claims are without merit.

_____

[5] *See* Criminal Information, 6/9/15, at 1; Guilty Plea Order, 8/7/15, at unnumbered 1; Sentencing Order, 8/31/15, at unnumbered 1-3.

- 8 -

Moreover, our independent review of the record reveals no other non-frivolous issues that Appellant could raise on appeal. ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). We thus grant Counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2018