617 A.2d 817

**COMMONWEALTH of Pennsylvania**

**v.**

**Henry J. MANNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1992.

Filed Dec. 17, 1992.

H. Anthony Adams, Shippensburg, for appellant.

Alison Taylor, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before CIRILLO, TAMILIA and BROSKY, JJ.

TAMILIA, Judge.

Henry Joseph Manney appeals from the three (3) to twenty-three (23) month judgment of sentence imposed after he was found guilty, nonjury, of simple assault.[1]

On August 30, 1991, appellant entered the home of his estranged wife and physically assaulted her. Because appellant was the subject of a protection from abuse (PFA) Order obtained by the victim earlier that year, he was immediately found guilty of indirect criminal contempt[2] and sentenced to ninety (90) days incarceration. The Commonwealth thereafter prosecuted appellant for simple assault, he was convicted and sentence was imposed May 26, 1992. Manney appeals from the judgment of sentence and argues his conviction and incarceration for criminal contempt barred the subsequent prosecution for simple assault under the double jeopardy doctrine. We disagree.

The issue presented in this appeal was decided by the Pennsylvania Supreme Court in *Commonwealth v. Allen*, 322 Pa.Super. 424, 469 A.2d 1063 (1983), aff'd, 506 Pa. 500, 486 A.2d 363 (1984), *cert. denied*, 474 U.S. 842, 106 S.Ct. 128, 88 L.Ed.2d 105 (1985). The *Allen* Court held prosecution of the defendant for rape, simple assault and criminal trespass was not barred under the double jeopardy clause by a prior finding

1. 18 Pa.C.S. § 2701.
2. *Id.*, § 5110.

he was in contempt for violation of a PFA Order, even though the contempt proceeding involved the same conduct. *Id.* at 513–514, 486 A.2d at 369–370. Appellant attempts to discredit *Allen* arguing the Pennsylvania courts have not yet addressed this issue in light of *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *U.S. v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), both of which stated the double jeopardy clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady* cautioned the critical inquiry was to be what conduct the state would attempt to prove, not the evidence the state will use to prove that conduct. In relying solely on these United States Supreme Court cases appellant has, however, disregarded the 1992 Superior Court case which discussed *Grady, Allen* and *Felix* and found "[u]ntil either the Pennsylvania Supreme Court or the United States Supreme Court clearly indicates that a conviction of direct [3] criminal contempt triggers double jeopardy protections for additional criminal charges based on the same conduct, we cannot grant the type of relief sought by appellant." *Commonwealth v. Warrick,* 415 Pa.Super. 385, 392, 609 A.2d 576, 580 (1992).

Here, the attack on Mrs. Manney was introduced as evidence to establish appellant had violated the PFA Order. At this point, appellant was being prosecuted for his willful disobedience of a court Order and not his assaultive behavior. The violation of the Order and the underlying assaultive act which proves the violation are not the same offense for double jeopardy purposes. Accordingly, a conviction of indirect criminal contempt does not trigger double jeopardy protections for additional criminal charges based on the same conduct and appellant's sentence must stand.

Judgment of sentence affirmed.

3. We realize the crime of which appellant herein was convicted was indirect criminal contempt, but find the court's reasoning plainly applicable to the matter before us.