664 A.2d 1028

**COMMONWEALTH of Pennsylvania**

v.

**Jon Patrick DECKER, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 1995.

Filed Sept. 7, 1995.

William Braught, Assistant Public Defender, Carlisle, for appellant.

Jaime Keating, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

DEL SOLE, Judge:

Jon Decker appeals from the judgment of sentence entered following his conviction for simple assault. (18 Pa.C.S.A. 2701(a)(1)). Appellant was adjudicated guilty after a stipulation of facts was presented at a non-jury trial. A sentence of supervised probation for a period of six months followed by

unsupervised probation for six months was imposed upon Appellant. This appeal followed.

On January 12, 1993, Appellant's spouse, Shirley Decker, obtained a protective order against Appellant under the Protection From Abuse (PFA) Act.[1] The order was entered by consent on behalf of Mrs. Decker and her two minor children Wendy Barrick and Bradley Barrick. The order provided, in part, that Appellant "is enjoined from physically abusing the plaintiff, Shirley M. Decker, and her minor children, or from placing them in fear of abuse," and that Appellant "is ordered to refrain from harassing the plaintiff or her minor children." (Trial court op. 1–20–94 at 1–2).

Appellant was charged with indirect criminal contempt on July 25, 1993. The complaint alleged that Appellant violated the PFA order by verbally harassing Mrs. Decker, slapping her across the face, shoving her against a door frame which caused her to strike her head resulting in a lump. Appellant admitted at a hearing held on July 26, 1993 that he violated the PFA order by engaging in the conduct specified in the complaint. The court entered an order adjudicating Appellant in contempt of the PFA order entered on January 12, 1993 and amended on April 8, 1993. Appellant was sentenced to a three month term of imprisonment.[2] Subsequently, Appellant was charged with simple assault for the same episode occurring on July 25, 1993. Appellant filed a motion to dismiss the information charging him with simple assault on the grounds that such prosecution was barred by his prior conviction for violating the PFA order under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The trial court denied the motion to dismiss the information. The case proceeded to trial and defendant was found guilty of simple assault.

1. 23 Pa.C.S.A. §§ 6101–6117.

2. On April 8, 1993, Appellant had previously been adjudicated in contempt of the PFA order dated January 12, 1993. At that time, he was sentenced to unsupervised probation for six months, and no petition to revoke the probation was filed as a result of the second adjudication of contempt on July 26, 1993.

■ The query raised is whether the Double Jeopardy Clause of the Fifth Amendment bars a prosecution on the charge of simple assault where Appellant was convicted of indirect criminal contempt based upon the same set of facts.[3]

■ The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const.Amend 5. Furthermore, the Double Jeopardy Clause:

> protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio,* 432 U.S. 161, 164, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

The trial court and the Commonwealth both cite *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), *cert. denied,* 474 U.S. 842, 106 S.Ct. 128, 88 L.Ed.2d 105 (1985), as controlling in this case. There, the defendant's wife obtained a PFA order directing defendant to refrain from physically abusing her or their children. One month later, the defendant forced his way into her new residence and physically abused his wife. A criminal complaint was filed against the defendant by the police charging him with simple assault and trespass. Defendant's wife then requested that defendant be charged with contempt. The defendant was arraigned on the contempt charge, and remained in jail for nine days until the contempt hearing since he was unable to post bail. At the hearing, defendant was found in contempt of the PFA order and he was ordered to pay a fine and costs, and he was discharged from prison.

Police later filed another complaint against Allen for raping his wife on the same evening that the other charges arose. All three charges were consolidated for trial and defendant

---

3. We shall not address the Article I, Section 10 double jeopardy provision set forth in our state constitution since Appellant only inquires whether his prosecution is barred under the Fifth Amendment of the United States Constitution.

filed an Omnibus Pretrial Motion to Quash the three criminal informations on the grounds that they were barred by double jeopardy. The motion was denied and the superior court affirmed the trial court on the trespass and rape charge, but reversed on the simple assault charge.

Our Supreme Court granted both parties' petitions for allowance of appeal. The court applied the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) to determine whether the protections against second prosecutions or multiple punishments for the same offense have been violated:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not...."

The court found the dissent's reasoning in *People v. Gray*, 69 Ill.2d 44, 12 Ill.Dec. 886, 370 N.E.2d 797 (1977), *cert. denied sub nom. Illinois v. Gray*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978) to be persuasive. The court determined that even though an assault was involved in the indirect contempt proceeding, the contempt proceeding involved elements not required for a finding of simple assault. The contempt conviction was based on the fact that Allen willfully committed a particular act which violated the PFA order. The court placed emphasis on the willful disobedience element of the contempt proceeding and considered it a material factor in distinguishing criminal contempt from other criminal offenses. The court elaborated that criminal contempt tends to lessen the dignity of the court or impede the process of the court, and contempt proceedings are instituted to vindicate the court's authority. The contempt process serves as an instrument to discourage abuse of the judiciary and demands that the judge not be required to consider the effects of foreclosing subsequent criminal prosecutions. The court held that, under the test enunciated in *Blockburger*, indirect criminal contempt and simple assault contain separate elements and vindicate different interests; therefore, Allen's double jeopardy rights

were not violated by the prosecution on the assault charge after a finding of contempt in violating the PFA order by physically abusing his wife.

Following *Commonwealth v. Allen, supra,* we have held that a conviction of criminal contempt, direct or indirect, does not preclude a subsequent criminal prosecution for the same conduct underlying the contempt proceeding. *See e.g. Commonwealth v. Aikins,* 422 Pa.Super. 15, 618 A.2d 992 (1993); *Commonwealth v. Manney,* 421 Pa.Super. 244, 617 A.2d 817 (1992); *Commonwealth v. Warrick,* 415 Pa.Super. 385, 609 A.2d 576 (1992) (*Warrick II* ). The *Warrick II* court commented that "[u]ntil either the Pennsylvania Supreme Court or the United States Supreme Court clearly indicates that a conviction of direct criminal contempt triggers double jeopardy protections for additional criminal charges based on the same conduct, we cannot grant the type of relief sought by appellant." *Id.* 415 Pa.Super. at 392, 609 A.2d at 580.

Appellant asserts that this court is no longer bound by the double jeopardy analysis in *Commonwealth v. Allen, supra,* in light of the United States Supreme Court's decision in *U.S. v. Dixon and Foster,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The fact pattern in *Dixon and Foster* resembles those in the case *sub judice.* In that case, one of the Respondents, Michael Foster, had a civil protection order (CPO) against him as a result of the physical attacks upon his estranged wife. The CPO consented to by Foster required him not to molest, assault or physically abuse his wife. Over a period of eight months, Foster's wife filed three motions to have Foster held in contempt for numerous CPO violations consisting of threats and assaults on separate occasions. A hearing was held on the matter. With respect to the assault charges, Mrs. Foster had to prove: 1) that there was a civil protection order; and 2) that the assault as defined by the criminal code actually occurred. Foster was found guilty of four counts of criminal contempt, including two of the assault counts. He was sentenced to a total of 600 days imprisonment.

The United States Attorney's Office subsequently decided to obtain an indictment charging Foster with simple assault, two counts of threats and assault with intent to kill. The simple assault and assault with intent to kill charges were based on the same events for which Foster had been held in contempt. Foster filed a motion to dismiss on double jeopardy grounds which the trial court denied. Foster appealed to the District of Columbia Court of Appeals. Relying on *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990),[4] the Court of Appeals held that Foster's subsequent prosecution was barred by the Double Jeopardy Clause.

On appeal, the U.S. Supreme Court held that, under *Blockburger,* a subsequent prosecution for simple assault was barred by the Double Jeopardy Clause, but the remaining counts for assault with intent to kill and threats were not. The simple assault was barred because the indictment charging Foster with assault under § 22–504 of the District of Columbia crimes code was based upon the same event that was the subject matter of his prior contempt conviction for violating the provision of the civil protection order prohibiting Foster to commit simple assault under § 22–504. The underlying substantive criminal offense—simple assault—is a species of lesser-included offense of Foster's contempt violation. The Court also noted that the text of the Double Jeopardy Clause focuses on whether the **offenses** are the same, not the interests that the offenses violate. The Court concluded that the offense of simple assault does not include any element not contained in Foster's previous contempt violation, therefore, the second prosecution fails *Blockburger.*

4. In *Grady v. Corbin,* the Supreme Court held that in addition to satisfying the *Blockburger* test, a subsequent prosecution must also pass the "same conduct" test to avert the bar of double jeopardy. The *Grady* test provides that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," the second prosecution will not be permitted. *U.S. v. Dixon and Foster,* 509 U.S. at ——, 113 S.Ct. at 2856, quoting, *Grady,* 495 U.S. at 510, 110 S.Ct. at 2087. The Supreme Court in *Dixon,* however, specifically overruled the *Grady* "same conduct" test, determining that it was inconsistent with earlier Supreme Court precedent and lacked constitutional roots, and it reinstated the *Blockburger* test.

Recently, in *Commonwealth v. Caufman,* —— Pa. ——, 662 A.2d 1050 (1995), (Cappy, J. dissenting), the Pennsylvania Supreme Court quoted *Dixon and Foster* as reapproving the *Blockburger* test. *Caufman* then cites *Allen, supra,* solely for the proposition that *Blockburger* has long been the double jeopardy test applied in this Commonwealth. However, since *Dixon* rejected the reasoning expounded in *Allen,* we recognize that the result reached in *Allen* is no longer valid.[5]

Instantly, since the United States Supreme Court clearly spoke on the issue of a criminal contempt conviction triggering double jeopardy protections for additional criminal charges based upon the same conduct, we will apply the Court's analysis in *Dixon and Foster* to the case before us. Appellant was ordered by the PFA to abstain from abusing his wife. The Pennsylvania Protection From Abuse Act defines abuse as "[a]ttempting to cause or intentionally, knowingly or recklessly causing bodily injury ..." 23 Pa.C.S.A. § 6102. In the indirect criminal contempt proceeding, the court found that Appellant willfully disobeyed the PFA order by abusing his wife. Appellant was later found guilty of simple assault based upon the same conduct. Section 2701(a)(1) of the crimes code states that a person is guilty of assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." The two statutes contain identical language. Under the same elements *Blockburger* test, the criminal contempt offense contains one element that the simple assault does not—wilful disobedience of the PFA order; but, the offense of simple assault, under the facts of this case, does not contain any elements not included in the criminal contempt offense. Because simple assault is a lesser-included offense of the criminal contempt, the subsequent prosecution is barred by the Double Jeopardy Clause.

Judgment of sentence vacated and Appellant is discharged. Jurisdiction relinquished.

5. The dissent in *Caufman, supra,* comments that *Dixon and Foster* holds that a conviction for criminal contempt for violating a protection from abuse order bars a subsequent prosecution for simple assault based upon the same event. *Dixon* explicitly disapproved the rationale advanced in *Allen, supra.*