J-S08009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD KEVIN BEITZ | : | |
| | : | |
| Appellant | : | No. 1236 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 11, 2018
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000373-2016

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 12, 2022**

Richard Kevin Beitz appeals *nunc pro tunc* from the judgment of sentence of one to four years of incarceration imposed following his *nolo contendere* plea to terroristic threats.  Michael C. O'Donnell, Esquire has filed an application to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm Appellant's sentence and grant counsel's application to withdraw.

On August 10, 2016, Appellant, as plaintiff, attended a civil hearing in the Union County Courthouse before Magisterial District Court Judge Leo S. Armbruster.  ***See*** N.T. Plea Hearing, 12/20/17, at 8.  Also present was the defendant, Craig Bennet, and defense witnesses Trudy Laidacker, April Cole, and Kathleen Kennedy.  ***See*** Affidavit of Probable Clause, 8/10/16, at 1.  After

Appellant made a comment about receiving assistance from his "big fat Jew lawyers" and became increasingly "unhinged," Judge Armbruster declared a recess so that he could secure the presence of a Sheriff's deputy. Appellant's Brief in Support of Defendant's Omnibus Motion, 5/30/17, at Exhibit A.

While Judge Armbruster was absent, Appellant turned his attention to the defendant and defense witnesses. First, Appellant placed the edge of his extended hand against the inside of his knee and proclaimed, "I have a fucking cock this fucking long and which one of you wants to suck my fucking cock?" N.T. Plea Hearing, 12/20/17, at 8. Appellant than asked Ms. Cole directly, "How about you April you fucking [w]hore? You want to suck it? I know where you live." **Id**.; **see also** Affidavit of Probable Cause, 8/10/16, at 1. This outburst prompted the defendant to leave the room to assist in the search for a deputy sheriff. **Id**. Meanwhile, Appellant turned in his chair, looked directly at Ms. Laidacker and stated, "I'm going to shove this cock inside of you and wipe that smile off your face." **Id**. Ms. Laidacker immediately exited the room where she met with Judge Armbruster and the defendant. They agreed that Ms. Laidacker would not reenter the courtroom since she was in fear for her safety.

Judge Armbruster returned to the courtroom and asked Appellant about what had transpired in his absence. **See** Brief in Support of Defendant's Omnibus Motion, 5/30/17, at Exhibit A. Appellant confirmed that he had made lewd statements to the female witnesses, explaining that "she was looking at

my big cock so she must want it." ***Id***. Appellant then repeated the earlier hand gesture, holding his hand down to his knee to describe the length of his penis. ***Id***. Finally, Appellant turned to the defendant and stated: "I see what the fuck goes on here, you paid off the judge and now I am out my fucking rent and costs." ***Id***. Judge Armbruster held Appellant in summary direct contempt of court for his lewd language and demeanor pursuant to 42 Pa.C.S. § 4137(a)(1). Thereafter, Appellant was also criminally charged with terroristic threats, harassment, disorderly conduct, and retaliation.

Appellant filed a pretrial motion raising "double jeopardy" concerns pursuant to United States and Pennsylvania Constitutions and arguing that the earlier contempt conviction barred a subsequent trial on different charges, since they stemmed from the same incident. ***See*** Brief in Support of Defendant's Omnibus Motion, 5/30/17, at unnumbered 2. The Commonwealth filed a brief arguing that Appellant's conviction for summary criminal contempt did not bar a subsequent prosecution for charges that arose from the same conduct. At the hearing, trial counsel and the prosecutor presented the court with legal precedent in support of their written arguments. After a brief recess so that the court could review the relevant precedent, the Court denied the motion, agreeing with the Commonwealth and finding that "the elements [of the offenses] are completely different." N.T. Pre-Trial Hearing, 9/28/17, at 12.

On December 20, 2017, Appellant entered a negotiated *nolo contendere* plea to terroristic threats. In exchange for Appellant's *nolo* plea, the Commonwealth *nolle prossed* the remaining charges. The negotiated plea called for a minimum sentence of one year but left the maximum term to the court's discretion. Appellant also retained the right to argue for a mitigated range sentence. The Court accepted the plea, and deferred sentencing so that a presentence investigation report ("PSI") could be prepared.

On June 11, 2018, Appellant appeared for sentencing at which he read a lengthy statement in which he requested a county sentence with work release due to his professional and family responsibilities. **See** N.T. Sentencing Hearing, 6/11/18, at 4-11. Appellant also detailed his rehabilitation efforts and apologized for his actions. **Id**. The sentencing court noted with displeasure that the offense had taken place in a courtroom, and that Appellant had an extensive criminal history that included lengthy stints in state prison. **Id**. at 17-18. The court also acknowledged the sentencing guidelines, which proffered a standard range sentence of twelve to eighteen months of incarceration, before issuing a bottom-of-the-standard-range sentence of one to four years of incarceration with ninety-four days of credit for time served. **Id**. at 18-19.

Appellant did not file a post-sentence motion. Instead, he pursued a timely notice of appeal and challenged the discretionary aspects of his sentence. Since he had not filed a post-sentence motion, this Court found his

sole allegation of error waived and affirmed his judgment of sentence. *See Commonwealth v. Beitz*, 220 A.3d 632 (Pa.Super. 2019) (non-precedential decision). On January 7, 2020, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Beitz*, 222 A.3d 1131 (Pa. 2020).

Appellant filed a timely, counseled Post-Conviction Relief Act ("PCRA") petition alleging ineffective assistance of counsel due to his attorney's failure to file a post-sentence motion. In the petition, Appellant sought reinstatement of his post-sentence and direct appeal rights. The PCRA court held a hearing at which trial counsel testified that he knew Appellant wished to appeal his sentence, but that he did not file a post-sentence motion because he thought "it would be a waste of time." PCRA Hearing, 6/21/21, at 13. At the conclusion of the hearing, the PCRA court granted Appellant's petition and reinstated Appellant's post-sentence and direct appeal rights. *Id*. at 21.

Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The court held a hearing, at which all parties acknowledged that Appellant's sentence would expire in six months. *See* N.T. Post-Sentence Motion Hearing, 9/22/21, at 4-12. The court denied the motion and the instant appeal followed. Thereafter, Appellant's counsel filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(c)(4) indicating that he intended to file an *Anders* brief. Counsel also raised two issues which Appellant wished to raise challenging the

court's denial of his post-sentence motion and his pre-trial double jeopardy motion. The trial court submitted its Rule 1925(a) opinion, in which it only addressed the discretionary aspects of sentencing issue.

In this Court, counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based on our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. As required by **Santiago**, counsel reviewed the case history, referred to two issues that arguably support this appeal, stated his conclusion that the appeal is frivolous, and cited to the certified record and controlling case law which supports this conclusion. **See Anders** brief at 8-15. Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[1] **See** Application for Leave to Withdraw, 12/23/21, at unnumbered 1. Accordingly, we proceed with an independent examination of the record in order to discern if any non-frivolous issues exist. **Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified two issues that arguably support this appeal:

> I. Whether the trial court erred/abused it's [*sic*] discretion when it denied [Appellant's] post[-]sentence motion?

---

[1] Appellant did not file a response to counsel's petition.

- 7 -

      II.      Whether the trial court erred/abused its discretion by not finding a violation of his double jeopardy protection under the United States and Pennsylvania Constitutions?

***Anders*** brief at 7.

Preliminarily, we note that Appellant's maximum sentence expired while this appeal was pending.[2] Under Pennsylvania law,

> When a criminal defendant appeals the lower court's interpretation of his sentence and does not challenge the legality of his sentence or conviction and the sentence is completed before the case is decided, the case is moot unless the possibility of collateral consequences arises solely from the interpretation of the sentence.

***Commonwealth v. Kelly***, 418 A.2d 387, 388 (Pa.Super. 1980); ***see also Commonwealth v. King***, 786 A.2d 993, 996 (Pa. Super. 2001) (finding a defendant's challenge to sentence moot where sentence had expired). Since Appellant seeks review of the discretionary aspects of a sentence he has fully served, there is no relief we can grant as to this issue that would have any legal force or effect. ***See Commonwealth v. Nava***, 966 A.2d 630, 633 (Pa.Super. 2009) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect."). As a

---

[2] While not mentioned in his ***Anders*** brief, at the post-sentence motion hearing, defense counsel pointed out that Appellant's sentence would expire on March 9, 2022. N.T. Hearing, 9/22/21, at 4, 12. Our own review of the record confirms this fact. The trial court sentenced Appellant on June 11, 2018, to one to four years of incarceration, with credit for ninety-four days Appellant had already served. Accordingly, Appellant's final incarceration release date was March 9, 2022.

result, we agree with counsel that the first issue cannot support this appeal, as it is "moot and incapable of appellate review." *King*, *supra* at 996; *see also Commonwealth v. Blanchard*, 236 A.3d 1121 (Pa.Super. 2020) (non-precedential decision) (finding an appellant's appeal of the discretionary aspects of his sentence was moot and incapable of review). However, Appellant's second issue regarding double jeopardy does implicate the legality of his sentence. Accordingly, the mootness doctrine does not apply to Appellant's second issue. *Id*.

That issue is whether, pursuant to both Pennsylvania and the United States constitution, double jeopardy barred the subsequent terroristic threats prosecution. *See Anders* brief at 14-15. Appellate counsel and the Commonwealth argue that this claim is waived since Appellant pled *nolo contendere* and did not raise this issue in his initial direct appeal. We disagree on both accounts.

Since Appellant's direct appeal rights were reinstated, his failure to raise this claim in the earlier direct appeal is irrelevant. Since Appellant's direct appeal rights were fully reinstated, we find that Appellant properly preserved this claim by litigating it pre-trial and by including it in his concise statement. Furthermore, the fact that Appellant pled *nolo contendere* is of no moment

since this challenge goes to the legality of Appellant's sentence.[3]  ***See***, ***e.g.***,

***Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007) ("[I]f the sentence

clearly implicates the legality of sentence, whether it was properly preserved

below is of no moment, as a challenge to the legality of sentence cannot be

waived.").  Accordingly, we proceed to consider Appellant's substantive claim

that the subsequent prosecution was barred by the double jeopardy clause of

the U.S. and Pennsylvania Constitutions.[4]

In the trial court, Appellant argued that the court did not have the

authority to convict him of terroristic threats since he was already held in

summary contempt for making the same verbal threats.  ***Id***.; ***see also*** Brief

in Support of Defendant's Omnibus Motion, 5/30/17, at unnumbered 1.  This

argument was based on the United States Supreme Court decision in ***U.S. v.***

***Dixon***, 509 U.S. 688 (1993), which established that double jeopardy

protections attached to non-summary criminal contempt proceedings, and

***Commonwealth v. Yerby***, 679 A.2d 217 (Pa. 1996), which applied ***Dixon*** to

---

[3] "In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea."  ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa.Super. 2002) (citation omitted).

[4] "The double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense." ***Commonwealth v. States***, 891 A.2d 737 (Pa.Super. 2005); ***but see*** ***Commonwealth v. Banks***, 253 A.3d 768, 782 (Pa.Super. 2021) ("Our Supreme Court has held that the Pennsylvania Constitution offers broader double jeopardy protection than its federal counterpart concerning retrial following a mistrial based upon prosecutorial misconduct.").

non-summary criminal contempt offenses in Pennsylvania. ***Yerby*** also directed trial courts to review the facts underlying the specific offense in addition to the elements charged when determining whether double jeopardy protections applied. ***Id***.; ***see also*** N.T. Pre-Trial Hearing, 9/28/17, at 8-9.

Appellant's argument fails. In ***Commonwealth v. Warrick***, 609 A.2d 576, 576-80 (Pa.Super. 1992), we held that double jeopardy protections did not apply to summary contempt convictions. Even if double jeopardy protections did apply, it is well-settled that an overlap in proof offered in two prosecutions, alone, does not constitute a double jeopardy violation. ***See United States v. Felix***, 503 U.S. 378, 386 (1992). Accordingly, the fact that the summary contempt offense and the terroristic threats prosecution stem from the same incident does not *ipso facto* affront double jeopardy. Instead, to determine whether a defendant's protection against multiple punishments for the same offense has been violated, this Commonwealth applies the test set forth in ***Blockburger v. U.S.***, 284 U.S. 299 (1932): where the same act constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. ***See Commonwealth v. Caufman***, 662 A.2d 1050 (Pa. 1995). Specifically, our Supreme Court instructs us to "compare the elements of the offense actually deemed to have been violated in that contempt proceeding against the elements of the substantive criminal offense(s)." ***Yerby***, ***supra*** at 222.

If the elements of both are the same, or if one is a lesser included offense of the other, "double jeopardy attaches and the subsequent prosecution is barred." *Id*. at 221.

In order to establish summary direct criminal contempt of a magisterial district judge, the court must find "misbehavior of any person in the presence of the [magisterial district] court", which "thereby obstruct[ed] the administration of justice." 42 Pa.C.S. § 4137(a)(1). Meanwhile, with respect to the crime of terroristic threats, the Commonwealth must prove that the appellant "[c]ommunicat[ed] either directly or indirectly a threat to commit a crime of violence with [the] intent to terrorize another." 18 Pa.C.S. § 2706(a)(1).

We agree with appellate counsel and the trial court that the elements governing the relevant summary contempt provision are entirely separate and distinct from the elements of terroristic threats. *See Yerby*, *supra* at 222; *see also* N.T. Pretrial Hearing, 9/28/17, at 8-11; *Anders* brief at 15. A defendant who is guilty of summary "misbehavior" has not necessarily also communicated a threat to commit a crime of violence toward a specific person. Furthermore, a defendant who is guilty of terroristic threats has not necessarily communicated his threat in the presence of a magisterial district judge, thereby obstructing the administration of justice. Thus, both offenses contain multiple distinct elements.

Furthermore, the statements which Appellant made to the female witnesses, and which formed the factual basis for the terroristic threats charge, were made outside of the magisterial court's presence. Different statements made by Appellant in the court's presence regarding the assistance of his "big fat Jew lawyers," confirmation of his earlier sexually-explicit comments to the female witnesses, and his accusation that the defendant conspired with the court to deprive him of his rent money combined to form the basis for the summary direct criminal contempt conviction. **See** Brief in Support of Defendant's Omnibus Motion, 5/30/17, at Exhibit A. Accordingly, we agree with the trial court that the elements of the offenses are both separate and distinct for double jeopardy purposes. Thus, no relief is due on Appellant's final claim.

Based on our review of the record, we agree with the trial counsel's assessment that both issues are frivolous. Moreover, our own independent review of the record did not reveal any additional, non-frivolous issues preserved in this appeal. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa.Super. 2015). Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2022